UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Dennco, Inc.

    v.                                          Civil No. 04-cv-389-JM

MacNeill Engineering Co., Inc.

**O R D E R**

Defendant moves for judgment on the pleadings on Plaintiff's breach of oral contract and breach of the implied covenant of good faith and fair dealing claims. Plaintiff objects.

Background

In an order dated April 5, 2005, the Court granted in part and denied in part Defendant's motion to dismiss the complaint for failure to state a claim. The Court found that the facts alleged in the complaint did not clearly support the conclusion that the alleged oral agreement was unenforceable under the statute of frauds in the Uniform Commercial Code as enacted in Massachusetts.[1]  See Mass. Gen. Laws ch. 106, § 2-201(1).  The Court further found that dismissal of Plaintiff's claim based on

---

[1] There is no dispute that Dennco's claims based on breach of an alleged oral contract and breach of the implied covenant of good faith and fair dealing are governed by Massachusetts law.

breach of an oral agreement under § 2-201(1) would be inappropriate since Plaintiff had not had any opportunity to seek an admission that an oral agreement existed under the exception to the written instrument requirement provided in § 2-201(3)(b). Therefore, the Court found that the statute of frauds should not be applied at that time to dismiss Plaintiff's claim based on breach of an oral contract.  The Court further found that Defendant's argument for dismissing the breach of implied covenant of good faith and fair dealing claim, also based on the statute of frauds, necessarily failed for the same reasons.

    Defendant now moves for judgment on the pleadings on Dennco's breach of oral contract and breach of the implied covenant of good faith and fair dealing claims.  Defendant states in its motion papers that it moves for summary judgment on those claims in the alternative.  In support of its motion, Defendant relies upon the affidavit of Richard J. Locke, MacNeill's Chief Financial Officer, and Plaintiff's responses to Defendant's first set of requests for admissions.  In support of its objection to the motion, Plaintiff relies upon the affidavit of James Dennesen, Dennco's President.

Discussion

I.   Conversion to a Motion for Summary Judgment

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Ordinarily, whether such a motion is granted "will depend upon whether the pleadings, taken as a whole, reveal any potential dispute about one or more of the material facts."  Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 38 (1st Cir. 2004).  Rule 12(c) further provides, however, that:

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c).  In the context of a motion to dismiss for failure to state a claim under Rule 12(b), which has the same summary judgment conversion rule as Rule 12(c), the Supreme Court has held that conversion to a motion for summary judgment is required when the court considers matters outside of the pleadings.  See Carter v. Stanton, 405 U.S. 669, 671 (1972); see also Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (finding

3

that courts have made narrow exceptions to the rule that documents outside the pleadings may not be considered on a motion under Rule 12(b)(6) such as where the documents submitted are official public records, the documents are central to the plaintiff's claim or the documents are sufficiently referred to in the complaint).

Here, MacNeill supports its motion with two matters outside of the pleadings: (1) an affidavit from Richard J. Locke, MacNeill's Chief Financial Officer, denying that MacNeill made an oral promise to Dennco; and (2) Dennco's responses to MacNeill's first set of requests for admissions.  Although there is some authority for granting a motion to dismiss where the plaintiff has not pled the existence of a writing that would satisfy the statute of frauds and where the defendant has submitted a sworn affidavit stating under oath that there was no contract,[2] neither the cases, nor MacNeill's memorandum of law, explain why such motions need not be treated as motions for summary judgment. Moreover, in the instant case, MacNeill relies upon both an affidavit and Dennco's responses to MacNeill's requests for

---

[2] See DF Activities Corp. v. Brown, 851 F.2d 920, 922-924 (7th Cir. 1988); Perminas v. Novartis Seeds, Inc., No. 00 C 4581, 2000 WL 1780249 at *2 (N.D.Ill. Dec. 4, 2000).

admissions to show that the statute of frauds applies.  The inclusion of discovery materials makes the argument for treating MacNeill's motion as a motion for summary judgment even stronger.  Accordingly, the Court treats MacNeill's motion as a motion for summary judgment and considers it as provided in Fed. R. Civ. P. 56.

II.  Consideration of Motion for Summary Judgment

A court may grant summary judgment on a claim "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56.  Based on the present state of the record, the Court must deny MacNeill's motion for two reasons.  First, the Locke Affidavit is insufficient to support a finding that MacNeill is entitled to summary judgment on Dennco's breach of oral contract and breach of the implied covenant of good faith and fair dealing claims because the allegations in the affidavit rely on hearsay.  Therefore, the Locke Affidavit does not set forth facts that would be admissible in evidence as required by Fed. R. Civ. P. 56(e).  See Schubert v. Nissan Motor Corp., 148

F.3d 25, 29 (1st Cir. 1998) (finding that the district court properly excluded affidavits from consideration because they did not meet Rule 56(e)'s requirement of admissibility).  Locke states that he has discussed the allegations in Dennco's complaint "with knowledgeable individuals at MacNeill who were responsible for our relationship with Dennco."  Locke Aff., ¶ 2.  Locke then denies that MacNeill made an oral promise to Dennco as alleged in the complaint.  Id., ¶ 3.  Locke's assertion in the first paragraph of his affidavit that he makes the statements of fact in his affidavit based on his personal knowledge does not solve the hearsay problem.  MacNeill is not entitled to summary judgment on Dennco's breach of contract and breach of the implied covenant of good faith and fair dealing claims based solely on the denials in its answer to the complaint.  See DF Activities Corp. v. Brown, 851 F.2d 920, 922 (7th Cir. 1988) ("When there is a bare motion to dismiss, or an answer, with no evidentiary materials, the possibility remains a live one that, if asked under oath whether a contract had been made, the defendant would admit it had been.").

Second, the record supports a finding that Dennco has not had a sufficient opportunity to respond to a motion for summary

judgment. Dennco asserts in its objection that it requires discovery to oppose MacNeill's motion. Dennco supports its assertion with an affidavit from James Dennesen, Dennco's President. The Dennesen Affidavit identifies James Latraverse and Marty Greenwald as the MacNeill employees who made the alleged representations that underlie Dennco's oral contract claim, and asserts on information and belief based on Dennco's and MacNeill's ten-year business relationship, that MacNeill likely has documents in its possession that confirm the alleged oral contract. The Court finds that Dennco has made a sufficient showing that discovery would aid its claim to warrant relief under Fed. R. Civ. P. 56(f). See FDIC v. Kooyomjian, 220 F.3d 10, 15 (1st Cir. 2000); Patrick v. Mass. Port Auth., 141 F. Supp. 2d 180, 188 (D.N.H. 2001).

Denying MacNeill's motion at this time would not be inconsistent with the purpose of the governing statute.[3] The

---

[3] That statute provides in relevant part that:

> Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought . . . .

purpose of the statute of frauds is "to suppress fraud, i.e., cooked up claims of agreement, sometimes fathered by wish, sometimes imagined in the light of subsequent events, and sometimes simply conjured up." Pappas Indus. Parks, Inc. v. Psarros, 511 N.E.2d 621, 622 (Mass. App. Ct. 1987). Mass. Gen. Laws ch. 106, § 2-201(3)(b) provides an exception to the statute of frauds, however, where "the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted." In order to balance the protection afforded to MacNeill by the statute of frauds against Dennco's need for a reasonable opportunity to show whether the admission exception of § 2-201(3)(b) might apply in this case, the Court shall deny MacNeill's motion subject to renewal after Dennco has had an opportunity to depose James Latraverse and Marty Greenwald on the issue of whether Dennco and MacNeill made an oral contract consistent with the allegations in the complaint. See DF Activities, 851 F.2d at 924-925 (Flaum, J., dissenting) (finding that the statute of frauds and the admissions exception contained

---

Mass. Gen. Laws. ch. 106, § 2-201(1).

therein "can best be reconciled by allowing district courts to exercise their discretion to determine when additional discovery is likely to be fruitful and when it is being sought just to improperly pursue a defendant who is clearly entitled to the protection of the statute of frauds"); Ruca Hardware, Ltd. v. Chien, No. 94 C 3635, 1995 WL 307172 at *5 (N.D. Ill. May 17, 1995) (finding that the plaintiffs should have an opportunity to depose the defendants with knowledge on the issue of whether an exclusive distributorship agreement existed to attempt to elicit an admission); Bentley v. ASM Communs., Inc., No. 91 Civ. 0086 (MBM), 1992 WL 18802 (S.D.N.Y. 1992) (finding that after taking limited discovery to determine whether defendant's agents would admit to the existence of an alleged oral contract that the record contained three unequivocal denials and that the judicial admission exception to the statute of frauds did not apply).

## Conclusion

For the reasons set forth above, the Court denies Defendant's motion for judgment on the pleadings (document no. 22).  Defendant may renew its motion as a motion for summary judgment after the Plaintiff has been permitted a reasonable opportunity to take the depositions of James Latraverse and Marty

Greenwald on the issue of whether the Plaintiff and the Defendant entered into an oral contract consistent with the allegations in the complaint.

    **SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: December 29, 2005

cc:   Daniel E. Will, Esq.
      Frederick A. Tecce, Esq.
      Alexander J. Walker, Esq.
      Danielle Leah Pacik, Esq.
      David T. Huang, Esq.
      Thane D. Scott, Esq.
      William B. Pribis, Esq.